IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

2005 DEC 15 A 11:00

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| RUTHIE L. WINDSOR, | )  |
| PLAINTIFF, | ) |
| V. | ) CASE NO.: 1:05CV1196-B |
|  | ) |
|  | ) JURY TRIAL REQUESTED |
| FRANCIS J. HARVERY, SECRETARY | ) |
| DEPARTMENT of the ARMY, | ) |
|  | ) |
| DEFENDANT. | ) |

## COMPLAINT

### I.  JURISDICTION

1. This suit is a suit for race discrimination authorized and instituted pursuant to Title VII of the Civil Rights Acts of 1964, 42 U.S.C. Section 2000e et seq.; as amended by The Civil Rights Act of 1991, 42 U.S.C. Section 1981 a; and the Civil Rights Act of 1871, 42 U.S.C. Section 1983. The jurisdiction of this Court is invoked to secure protection of and redress deprivation of rights secured by statutes, U.S.C. 42 Section 2000e et seq., 42 U.S.C. Section 1981a, and 42 U.S.C. Section 1983, providing for injunctive and other relief against race and sex discrimination and retaliation. Further, the jurisdiction of this Court is invoked pursuant to 28 U.S.C. Section 1331, 1334 and 28 U.S.C. Section 2201 and 2202.

2. Plaintiff has fulfilled all conditions precedent to the institution of this action under title VII of the Civil rights Act of 1964, as amended, 42 U.S.C. 2000e et seq; Plaintiff timely filed his charges of race and sex discrimination and retaliation with the Equal Employment

Opportunity Commission within 180 days of the occurrence of the last discriminatory act. Plaintiff timely filed this Complaint within 90 days of receipt of the right-to-sue letter from the Equal Employment Opportunity Commission.

## II.   PARTIES

3. Plaintiff, Ruthie L. Winsor, is an African-American, female citizen of the United States, and a resident of Coffee County, Alabama. At times complained of herein, plaintiff is employ by defendant at its location at Fort Rucker, Alabama.

4. Defendant, Francis J. Harvey Secretary of the Department of the Army, a governmental entity subject to suit under title VII of the civil Rights Act of 1964, 42 U.S.C. Section 2000e et seq, as amended by the Civil Rights Act of 1991, and the Civil Rights Act of 1871, 42 U.S.C. Section 1983. The defendant employs at least fifteen (15) persons and is an employer within the meaning of 42 U.S.C. Section 2000e b, g, and h. The defendant is also a person subject to suit under the provisions of the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

## III.   CAUSES OF ACTION

### COUNT I: RACE DISCRIMINATION

4. The plaintiff re-alleges and incorporates by reference paragraphs 1-4 above with the same force and effect as if fully set out in specific detail herein below.

5. Plaintiff is the only black and only female information technology specialist employed at defendant's U.S. Army Aviation Technical Test Center at Ft. Rucker, Alabama.

6. On or about August 20, 2002, plaintiff was informed that her duties as an information technology specialist did not warrant an upgrade and promotion to GS-12 grade.

7. Plaintiff avers that defendant upgraded the position of similarly situated white male, Rex Donaldson, who had less experience or qualifications than Plaintiff.

8. Plaintiff avers that defendants' failure to upgrade her position and, thereby, promote her is due to her race.

## COUNT II: SEX DISCRIMINATION

9. The plaintiff re-alleges and incorporates by reference paragraphs 1-8 above with the same force and effect as if fully set out in specific detail herein below.

10. On or about August 20, 2002, defendant informed plaintiff that her duties did not warrant an upgrade and promotion to GS-12.

11. Plaintiff avers that on or near August 20, 2002, defendant transferred all similarly situated male information specialist to a different division and gave them promotions or more favorable job conditions.

12. Plaintiff avers that she was better qualified than either male employee for the transfer, promotion or upgrade.

13. Plaintiff avers that she was not selected for one of the upgraded positions because of her gender.

## COUNT III: RETALIATION

14. Plaintiff re-alleges and adopts all preceding paragraphs as if fully set out herein.

15. Plaintiff avers that defendant has refused to promote her or upgrade her position in retaliation for participating in prior EEOC activity.

16. Neither similarly situated employee promoted or upgraded had engaged in EEOC activity as had plaintiff.

17. Defendant further retaliated against plaintiff by lowering her evaluation on or about January 31, 2003.

18. Defendant further retaliated against plaintiff by altering her job description duties used to determine whether her position would be upgraded.

IV.   **PRAYER FOR RELIEF**

Wherefore plaintiff respectfully prays that this court take jurisdiction of this action and after trial:

1. Grant plaintiff declaratory judgement holding that the actions of the defendant described herein above violated and continue to violate the rights of the plaintiff as guaranteed by the Civil Rights Act of 1964, 42 U.S.C. Section 2000e et seq.; the Civil Rights Act of 1991, 42 U.S.C. Section 1981a; and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

2. Grant plaintiff a permanent injunction enjoining the defendants, its agents, successors, employees, attorney and those acting in concert with the defendants and at the defendants' request from continuing to violate the Civil Rights Act of 1964, 42 U.S.C. Section 2000e, et seq.

the Civil Rights Act of 1991, 42 U.S.C. Section 1981a; and the Civil Right Act of 1871, 42 U.S.C. 1983.

    3. Enter an order requiring the defendants to make the plaintiff whole by awarding her back pay, front pay, lost benefits, other compensatory damages (including mental anquish damages), punitive damages, costs, attorneys fees and expenses.

                                      Respectfully submitted,

                                      /s/ Henry L. Penick
Henry L. Penick
Bar No. 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
H. L. PENICK & ASSOCIATES, P.C.
319 17th Street North, Suite 200
P.O. Box 967
Birmingham, AL 35201-0967
(205) 252-2538