IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RUTHIE L. WINDSOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: 1:05-cv-1196-MEF |
| | ) |
| FRANCES J. HARVEY, Secretary of, the Army, | ) |
| | ) |
| Defendant. | ) |

**MOTION TO DISMISS FOR WANT OF PROSECUTION, OR IN THE ALTERNATIVE, TO COMPEL**

Comes now the defendant, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, pursuant to Rule 41(b), Federal Rules of Civil Procedure, requests that the complaint be dismissed for want of prosecution, or alternatively, to compel plaintiff to provide the defendant with her initial disclosures as required by Rule 26(a)(1), Federal Rules of Civil Procedure, and in support states as follows:

1. The Uniform Scheduling Order in this cause was entered March 30, 2006. The initial disclosures contemplated by Rule 26(a)(1) were thus due to be exchanged by April 13, 2006. Candidly, this date was not met by the defendant. Although unsolicited by the plaintiff, the defendant submitted his initial disclosures to the plaintiff on May 25, 2006, and requested that the plaintiff do likewise as soon thereafter as possible. See, Exhibit 1.

2.    The defendant received no response of any kind from the plaintiff and thereafter by letter dated August 25, 2006, again requested the plaintiff's initial disclosures. As before, no response of any kind was received from the plaintiff. See, Exhibit 2.

3.    Between May 25, 2006 and the present, the undersigned has also attempted to telephonically contact the plaintiff's attorney on at least 2 occasions. Although leaving messages for Mr. Penick to return the calls, no return calls have been received.

4.    "'Rule 41(b) authorizes a district court to dismiss a complaint for failure to prosecute or failure to comply with a court order or the federal rules.'" Williams v. Alabama Board of Education, 2006 WL 1228703 (M.D. Ala. 2006), *quoting,* Gratton v. Great Am. Commc'ns, 178 F.3d 1373, 1374 (11th Cir.1999). "'[T]he district court has the authority to dismiss ⋯ for failure ⋯ to comply with its orders or rules of procedure.'" Id., *quoting*, Brown v. Thompson, 430 F.2d 1214, 1215 (5th Cir.1970). "Dismissal is appropriate where there is a clear record of 'willful' contempt and an implicit or explicit finding that lesser sanctions would not suffice." Gratton, 178 F.3d 1373, 1374 (11th Cir.1999).

5.    Clearly, plaintiff's inaction in this regard is contemptuous given the statutory requirement regarding initial disclosures and the fact the exchange of same in matters of this type is the rule and not the exception. Further illustrative of the plaintiff's willful failure in this regard is that she has failed to fulfill the requirements of Rule

26(a)(1) after repeated requests from opposing counsel. Notably, the rule requires the party to provide the disclosures "without awaiting a discovery request."

6. Given the plaintiff's failures to respond to the defendant's good faith efforts to resolve this matter and the plaintiff's failure to respond in any fashion, it is respectfully submitted that this matter be dismissed pursuant to Rule 41 (b) or alternatively, that the plaintiff be compelled to supply the initial disclosures mandated by Rule 26(a)(1), Federal Rules of Civil Procedure.

Respectfully submitted this 11th day of September, 2006.

LEURA G. CANARY
United States Attorney

By: s/R. Randolph Neeley
R. Randolph Neeley
Assistant United States Attorney
Bar Number: #9083-E56R
Attorney for Defendant
United States Attorney's Office
Post Office Box 197
Montgomery, AL  36101-0197
Telephone: (334) 223-7280
Facsimile:  (334) 223-7418
E-mail:  rand.neeley@usdoj.gov

## CERTIFICATE OF SERVICE

    I hereby certify that on September 11, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Plaintiff's attorney, Henry L. Penick, Esq.

                                              /s/R. Randolph Neeley
                                        Assistant United States Attorney