# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RUTHIE L. WINDSOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:05cv1196-B |
| ) | |
| FRANCIS J. HARVEY, ) | |
| Secretary of the Army, ) | |
| ) | |
| Defendant. ) | |

## DECLARATION OF COL (Ret.) DAVID B. CRIPPS

I, David B. Cripps, declare that I am currently a government employee stationed at Redstone Arsenal, Alabama. In my previous capacity, I served as the Commander for the U.S. Army Aviation Technical Test Center ("ATTC") at Fort Rucker, Alabama from June of 2001 through June of 2004. I make the following (2) two page declaration in accordance with 28 U.S.C. § 1746. I am aware that this declaration may be filed in the U.S. District Court, Middle District of Alabama, and that this declaration is the legal equivalent of a statement under oath. I make this declaration based on my own personal knowledge as well as on information available to me in my official capacity. If called as a witness I would be competent to testify to the following facts:

1. During my tour as the ATTC Commander, I became aware of Ms. Ruthie L. Windsor as I was her third-level supervisor.

2. Shortly after assuming command, I was made aware of a decision by the Equal Employment Opportunity Commission's Office of Federal Operations ("OFO") that stated ATTC was not in compliance with a negotiated settlement agreement concerning an Equal Employment Opportunity ("EEO") complaint filed by Ms. Windsor prior to my arrival.

3. OFO had determined that ATTC had failed to allow Ms. Windsor to provide input into her position description prior to have the position description graded by the Civilian Personnel Operations Center ("CPOC"), who is the decision authority and specialist for employment classifications.

4. To rectify the perceived non-compliance with the negotiated settlement agreement, I instructed the ATTC Adjutant, Mr. George Stinson, to provide Ms. Windsor with an electronic copy of her position description and to solicit her input as to any changes she requested on her listed duties. Ms. Stinson and Ms. Windsor exchanged

numerous versions of her position description addressing changes that Ms. Windsor requested. In order to track the various changes, the parties adopted a naming convention for the resulting iterations of the electronic position description (i.e. Windsor1.doc, Windsor2.doc; etc.). Ms. Windsor finally agreed that the fifth iteration of changes (Windsor5.doc) accurately described the duties she performed.

5. Because Windsor5.doc was an electronic Microsoft Word document, it could be changed by anyone who received it. In order to assure that no further changes were made and to protect the agency from any allegations by Ms. Windsor that her job description had been altered after "Windsor5.doc", I instructed that a scanned ".tif" copy of Windsor5.doc be sent to CPOC for classification. The scanned copy would be an electronic photocopy of the Windsor5.doc and could not be altered by any user either at the agency or at CPOC.

6. I also delegated the grading decision on Ms. Windsor's position to CPOC so that the grading decision would be made by an independent unbiased body and would not be tainted by any alleged discriminatory or retaliatory animus as perceived by Ms. Windsor.

7. After reviewing the position description that Ms. Windsor had agreed accurately described her duties, CPOC graded her position at the GS-11 level. Ms. Windsor was currently at the GS-11 level and thus did not warrant an upgrade to the GS-12 level. I informed Ms. Windsor of CPOC's grading decision on or about August 20, 2002.

I declare under penalty of perjury that the above statement is true and correct to the best of my knowledge.

Executed this 17th day of October, 2006.

_____
COL (Ret.) David B. Cripps