# EXHIBIT 5

ATZQ-EEO

SUBJECT: Negotiated Settlement Agreement in the Matter of:

RUTHIE WINDSOR
Formal EEO Complaint, Docket No. BQEGFO0103B0070, and Informal Complaint No. 027-02-01

And

The United States Army Aviation Technical Test Center, Fort Rucker, Alabama

1. In the interest of promoting its Equal Employment Opportunity Program and to avoid protracted litigation, the parties agree to settle the above captioned complaint(s) on the basis shown below.

2. By entering into this settlement, the United States Army Aviation Technical Test Center (USAATTC), does not admit or deny that it or any USAATTC command official or employee has violated Title VII or the Civil Rights Act of 1969, as amended, the Rehabilitation Act of 1973, as amended, or the Age Discrimination in Employment Act, as amended, or any other Federal or State statute or regulation.

3. The United States Army Aviation Technical Test Center agrees that:

   a. The Complainant will be afforded the opportunity to provide her input as to an accurate job description she believes she was performing from October 27, 2000 to date. The Complainant will provide her input to Mr. George Stinson as soon as possible but no later than May 14, 2001. No later than 14 work days following his receipt of the Complainant's input, Mr. Stinson will prepare a finalized job description depicting the duties he believes the Complainant is performing and/or that he needs the Complainant to perform. Mr. Stinson will discuss the finalized job description with the Complainant and provide her a copy, if desired. The finalized job description will be forwarded thru the Civilian Personnel Advisory Center (CPAC) with the appropriate documentation to request the duties be classified by a Classification Specialist from



DEFENDANT'S
EXHIBIT NO. 5

CASE NO.
1:05-CV-1196-B

Encl 1

SUBJECT: Negotiated Settlement Agreement in the Matter of: RUTHIE WINDSOR, Docket No. BQEGF00103B0070 and Informal No. 027-02-01

the Civilian Personnel Operations Center (CPOC), Fort Benning, Ga. The USAATTC Commander who is the delegated classification authority (DCA) for the organization will provide a letter to the CPOC granting them official classification authority for this position only and CPOC's classification determination will, therefore, be final. Both management and the Complainant agree to accept without challenge the CPOC Classification.

If the classification is at a higher grade or at the same title, series, and grade, management (Mr. Larry Eagerton or someone at his direction) will initiate the appropriate paperwork to request the Complainant be assigned the new Job Description and/or that the position be filled at the higher grade in accordance with governing personnel rules and regulations. If the classification is at a lower grade and/or the same grade but with a different title and series, the Complainant will remain assigned on her current Position Description.

It is understood and agreed that, ultimately, it is a management prerogative to determine the duties to be assigned to employees. It is also understood and agreed that the rules and regulations governing the filling of positions might require that the Complainant's position, if upgraded, be filled through competitive procedures.

b. As long as the Complainant and Mr. Larry Martin both remain assigned under the supervision of Mr. Larry Eagerton, Mr. Eagerton will insure that Mr. Martin will not be in the Complainant's performance rating chain.

c. The Complainant will be paid the lump sum amount of two thousand dollars ($2,000.00). It is understood and agreed that as a separate matter the Complainant is responsible for the payment of any required sums, such as taxes.

4. The complainant agrees to withdraw her formal complaint of discrimination dated January 31, 2001 and informal complaint dated March 2, 2001.

SUBJECT: Negotiated Settlement Agreement in the Matter of: RUTHIE WINDSOR, Docket No. BQEGF00103B0070 and Informal No. 027-02-01

5. The complainant acknowledges that she has had ample time to consult with an attorney. Complainant agrees no Attorney's fees will be paid for representation as to her claims in these matters. Further, the complainant acknowledges that she has been given ample time in which to consider the terms of this agreement and that she enters into it voluntarily without coercion or duress.

6. The complainant's signature on this agreement constitutes full and complete settlement of her EEO complaint(s). In addition, the complainant agrees to waive her right to pursue administrative or judicial action in any form concerning the matters raised in the complaint(s) and that they will not be made the subject of future litigation.

7. If the complainant believes that the Army has failed to comply with the terms of this settlement agreement, the complainant shall notify the Equal Employment Opportunity Compliance and Complaints Review Agency (EEOCCRA), ATTN: SFMR-RBE, 1941 Jefferson Davis Highway, Room 222, Crystal Mall M4, Arlington, Virginia 22202-4508, in writing, of the alleged noncompliance within 30 calendar days of when the complainant knew or should have known of the alleged noncompliance. A copy should also be sent to the activity EEO Officer. The complainant may request that the terms of the settlement agreement be specifically implemented or, alternatively, the complaint be reinstated for further processing from the point processing ceased under the terms of this settlement agreement. If the EEOCCRA has not responded to the complainant in writing or, if the complainant is not satisfied with the attempts to resolve the matter. The complainant may appeal to the Equal Employment Opportunity Commission for a determination as to whether the Army has complied with the terms of this settlement agreement. The complainant may file such an appeal 35 calendar days after service of the allegation of noncompliance upon EEOCCRA but no later than 30 calendar days after receipt of the Army determination.

SUBJECT: Negotiated Settlement Agreement in the Matter of: RUTHIE WINDSOR, Docket No. BQEGF00103B0070 and Informal No. 027-02-01

8. I have read the negotiated settlement agreement and agree to accept its provisions.

_Ruthie Windsor_ 12 April 2001
RUTHIE WINDSOR        (Date)
Complainant

_Larry E. Eagerton_ 12 April 2001
LARRY EAGERTON        (Date)
Technical Director, ATTC

_Edison Taylor_ 4/19/01
EDISON TAYLOR
Complainant's Representative

No Legal Objection _[signature]_

No Personnel Objection _[signature]_