# EXHIBIT 6

Case 1:05-cv-01196-MEF-DRB    Document 14-8    Filed 10/24/2006    Page 1 of 4


36330

October 10, 2001

Director, Equal Employment Opportunity
   Compliance and Complaints Review Agency
ATTN: SFMR-RBE
2d Floor, 1941 Jefferson Davis Highway
Arlington, VA 22202-4508

Reference: Appeal - Noncompliance of Negotiated Settlement Agreement in the Matter of: Mrs. Ruthie Windsor, Formal EEO Complaint, Agency Docket No. BQEGFO0103B0070, and Informal Complaint No. 027-02-01

TO WHOM IT MAY CONCERN:

Management officials have not complied with the above referenced *mediated* negotiated settlement agreement (NSA). Therefore, <u>I, Mrs. Ruthie Windsor (presently assigned in the U.S. Army Aviation Technical Test Center (ATTC) at Fort Rucker, AL), am requesting that the terms of the referenced *mediated* NSA be specifically implemented or, alternatively, my original complaint be reinstated for further processing from the point processing ceased on the terms of the stated *mediated* NSA.</u> My request is based on the following:

    a.  After entering the *mediated* NSA on 12 April 2001 (encl 1), I believe that Mr. George Stinson (Adjutant/Director, Resources and Personnel Directorate), who became my new senior rater on 12 April 2001), allowed Mr. Larry Martin (Director, Data Systems Directorate), who became my former senior rater on 12 April 2001, to continue in my supervisory chain, which is prohibited in the *mediated* NSA. Mr. Stinson also allowed Mr. Martin to change my duty appointment orders from <u>primary</u> to <u>3rd alternate</u> (see memo, dated 24 April 2001 (encl 2)).

    b.  Mr. Stinson provided me with a copy of the reassignment orders with an effective date of 24 April 2001 (encl 3). I believe that the effective date of my reassignment should have been 12 April 2001, the date we entered into the *mediated NSA*. I also believe that Mr. Stinson's actions directly violated the *mediated* NSA.

    c.  My reassignment became effective 24 April 2001 with the end date being 24 August 2001. As of the date of this appeal/noncompliance letter (10 October 2001), my reassignment has not been further extended (beyond 24 August 2001).

DEFENDANT'S
EXHIBIT NO. 6
CASE NO.
1:05-CV-1196-B

Copy furnished: Brenda Ward, OSJA 23 Oct 01

Director, Equal Employment Opportunity
  Compliance and Complaints Review Agency                    October 10, 2001 – Page 2
Reference: Appeal - Noncompliance of Negotiated Settlement Agreement in the Matter of: Mrs. Ruthie Windsor, Formal EEO Complaint, Agency Docket No. BQEGFO0103B0070, and Informal Complaint No. 027-02-01

    d. I believe that Mr. Stinson accepted tainted job description inputs from Mr. Martin and submitted them to the Civilian Personnel Advisory Center (CPAC) at Fort Rucker, AL, and (CPOC) at Fort Benning, GA, for final classification determination.

In my *mediated* NSA of 12 April 2001, the Army agreed to afford me the opportunity to provide my input regarding the accuracy of my job description, duties in which I believed I was performing since October 2000, for which I, Mrs. Ruthie Windsor, complied with. On May 1, 2001, I provided my input to Mr. George Stinson, Adjutant/Director, Resources and Personnel Directorate, for review and input. On May 22, 2001, Mr. Stinson prepared a finalized job description depicting the duties he believed that I, the complainant, was performing. Mr. Stinson and I reviewed and discussed the finalized job description. Mr. Stinson then provided me a copy of the finalized job description as outlined in the *mediated* NSA and forwarded a copy to CPAC/CPOC for final classification determination.

It is my belief that the finalized job description with the appropriate documentation was forwarded through CPAC at Fort Rucker, AL, to CPOC at Fort Benning, GA, to request the duties be classified by a CPOC Classification Specialist. The ATTC Commander, who is the delegated classification authority (DCA) for this organization, was also to provide a letter to CPOC granting them official classification authority <u>for this position only</u>, and CPOC's classification determination would, therefore, be final. Both management and I, the complainant, agreed to accept <u>without challenge</u> the CPOC classification.

If the classification was a higher grade or at the same title, series, and grade, management (Mr. Larry Eagerton, Technical Director, ATTC) or someone at his direction would initiate the appropriate paper work to request I, the complainant, be assigned to the new job description/or that the position be filled at the higher grade level in accordance with governing personnel rules and regulations. If the classification was at a lower grade and/or the same grade but with a different title and series, I, the complainant, would remain assigned on my current position description.

Director, Equal Employment Opportunity
  Compliance and Complaints Review Agency                October 10, 2001 – Page 3
Reference: Appeal - Noncompliance of Negotiated Settlement Agreement in the Matter of: Mrs. Ruthie Windsor, Formal EEO Complaint, Agency Docket No. BQEGFO0103B0070, and Informal Complaint No. 027-02-01


I remain,

Sincerely,

*(signature)*

(Mrs.) Ruthie Windsor
Complainant

Enclosures

cc:
Commander
USAAVNC and Fort Rucker
ATTN: ATZQ-EEO Building 5700
Fort Rucker, AL 36362-5000

Mr. Paul Phillips
105 Fairfield Drive
Enterprise, AL 36330