# EXHIBIT 7

DEPARTMENT OF THE ARMY
EQUAL EMPLOYMENT OPPORTUNITY COMPLIANCE
AND COMPLAINTS REVIEW AGENCY
1ST FLOOR, 1941 JEFFERSON DAVIS HIGHWAY
ARLINGTON, VA 22202-4508

REPLY TO
ATTENTION OF

November 15, 2001

Equal Employment Opportunity Compliance
and Complaints Review Agency

Ms. Ruthie L. Windsor
████████████
████████████ 36330

Complaint of Ms. Ruthie L. Windsor v.
Thomas E. White, Secretary of the Army
DA Docket Number: BQEGFO0103B0070

Dear Ms. Windsor:

This is in response to your claim of noncompliance in the negotiated settlement agreement (NSA) which you entered into with the U.S. Army Aviation Technical Test Center (ATTC), Fort Rucker, Alabama, on April 12, 2001. In your October 10, 2001 letter to this office, you stated management failed to comply with the terms of the NSA.

Subsequent to the receipt of your letter, the EEO Office at the U.S. Army Aviation Center and Fort Rucker, Fort Rucker, Alabama, was contacted and requested to provide information and documentation concerning your allegation of noncompliance. Thereafter, the Office of the Staff Judge Advocate, Fort Rucker, Alabama, provided the enclosed documentation to support management's position that it was in compliance with the terms of the NSA currently at dispute.

The terms in contention state:

3a. The Complainant will be afforded the opportunity to provide her input as to an accurate job description she believes she was performing from October 27, 2000 to date.

3b. As long as the Complainant and Mr. Larry Martin both remain assigned under the supervision of Mr. Larry Eagerton, Mr. Eagerton will insure that Mr. Martin will not be in the Complainant's performance rating chain.

DEFENDANT'S
EXHIBIT NO. 7

CASE NO.
1:05-CV-1196-B

Printed on  Recycled Paper

2

The documentation provided by the activity shows that management has complied, to date, with the aforementioned terms of the NSA.

You contend that the Agency discontinued your reassignment on or about August 24, 2001. Upon review of the NSA, the Agency agreed to ensure that Mr. Larry Martin would not be within your performance rating chain. According to Ms. Brenda Ward, Labor and Employment Attorney and Agency Representative, the NSA entered on April 12, 2001, did not state that complainant would be reassigned to another division. The NSA only stated that the Agency would not place Mr. Martin within complainant's supervisory chain of command. The extension of your reassignment which you stated expired on August 21, 2001, but actually expired on December 21,2001, does not fall with the agreed terms and conditions of the NSA. The Agency voluntarily reassigned you from the division Mr. Martin worked in, which the Agency did not have to do. The Agency has the prerogative to determine the duties to be assigned to you so long as Mr. Martin is not within your performance rating chain. Hence, your claim that the Agency failed to extend your reassignment is regarded moot. Management complied with its requirement under the NSA.

You allege that the final job description submitted to the Civilian Personnel Advisory Center (CPAC) was tainted. However, by your admission, you admitted you provided input to Mr. George Stinson, Director, Resources and Personnel Directorate, on the final job description. In addition, you stated that on May 22, 2001, you reviewed and discussed the finalized job description. In fact, the Agency submitted a copy of your acknowledgement and concurrence that the final job description accurately depicted your job duties before it was forwarded to CPAC. As a result, I find that management is in compliance with the term of the NSA.

Inasmuch as the evidence of record shows that, to date, management is in full compliance with the terms of the NSA. I find that a breach of contract has not occurred.

If you are not satisfied with this decision, your appeal rights are as follows:

## APPEAL RIGHTS FOR NONMIXED COMPLAINTS

1. An appeal may be filed with the Equal Employment Opportunity Commission within 30 calendar days of the date of receipt of this decision. The 30-day period for filing an appeal begins on the date of receipt of this decision. An appeal shall be deemed timely if it is delivered in person, transmitted by facsimile or postmarked before the expiration of the filing period or, in the absence of a legible postmark, the appeal is received by the Commission by mail within 5 days after the

3

expiration of the filing period.  The complainant will serve a copy of the Notice of Appeal/Petition, EEOC Form 573, to the agency [Director, Equal Employment Opportunity Compliance and Complaints Review Agency, Department of the Army, ATTN:  SAMR-EOCCA, Suite 109B, 1941 Jefferson Davis Highway, Arlington, Virginia  22202-4508] [and furnish a copy to the servicing labor counselor: U.S. Army Aviation Center and Fort Rucker, Office of the Staff Judge Advocate, ATTN: ATZQ-SJA- AL, Building 5700, Novosel Street, Fort Rucker, Alabama  36362-5000] at the same time it is filed with the Commission.  In or attached to the appeal to the Commission, the complainant must certify the date and method by which service was made to the agency [Director, Equal Employment Opportunity Compliance and Complaints Review Agency].

2.  The complainant may file a brief or statement in support of his/her appeal with the Office of Federal Operations.  The brief or statement **must** be filed within 30 calendar days from the date the appeal is filed.  The complainant will serve a copy of the brief or statement in support of his/her appeal to the agency [Director, Equal Employment Opportunity Compliance and Complaints Review Agency and to the servicing labor counselor at the addresses shown above in paragraph 1] at the same time the brief or statement is filed with the Commission.  The regulation providing for appeal rights is contained in Title 29 of the Code of Federal Regulations, a section of which is reproduced below:

## Section 1614.401  Appeals to the Commission.

(a)  A complainant may appeal an agency's final action or dismissal of a complaint.

(b)  An agency may appeal as provided in Section 1614.110(a).

(c)  A class agent or an agency may appeal an administrative judge's decision accepting or dismissing all or part of a class complaint; a class agent may appeal a final decision on a class complaint; a class member may appeal a final decision on a claim for individual relief under a class complaint; and a class member, a class agent or an agency may appeal a final decision on a petition pursuant to Section 1614.204(g)(4).

(d)  A grievant may appeal the final decision of the agency, the arbitrator or the Federal Labor Relations Authority (FLRA) on the grievance when an issue of employment discrimination was raised in a negotiated grievance procedure that permits such issues to be raised.  A grievant may not appeal under this part, however, when the matter initially raised in the negotiated grievance procedure is still ongoing in that process, is in arbitration, is before the FLRA, is appealable to the MSPB [Merit Systems Protection Board] or if 5 U.S.C. 7121(d) is inapplicable to the involved agency.

4

(e)  A complainant, agent or individual class claimant may appeal to the Commission an agency's alleged noncompliance with a settlement agreement or final decision in accordance with Section 1614.504.

## Section 1614.402  Time for appeals to the Commission.

(a)  Appeals described in Section 1614.401(a) and (c) must be filed within 30 days of receipt of the dismissal, final action or decision.  Appeals described in Section 1614.401(b) must be filed within 40 days of receipt of the hearing file and decision. Where a complainant has notified the EEO Director [Director, Equal Employment Opportunity Compliance and Complaints Review Agency] of alleged noncompliance with a settlement agreement in accordance with Section 1614.504, the complainant may file an appeal 35 days after service of the allegations of noncompliance, but no later than 30 days after receipt of the agency's determination.

(b)  If the complainant is represented by an attorney of record, then the 30-day time period provided in paragraph (a) of this section within which to appeal shall be calculated from the receipt of the required document by the attorney.  In all other instances, the time within which to appeal shall be calculated from the receipt of the required document by the complainant.

## Section 1614.403  How to appeal.

(a)  The complainant, agency, agent, grievant or individual class claimant (hereinafter appellant) must file an appeal with the Director, Office of Federal Operations, Equal Employment Opportunity Commission, at P.O. Box 19848, Washington, DC 20036, or by personal delivery or facsimile.  The complainant should use EEOC Form 573, Notice of Appeal/Petition [copy enclosed], and should indicate what is being appealed.

(b)  The appellant shall furnish a copy of the appeal to the opposing party [Director, Equal Employment Opportunity Compliance and Complaints Review Agency and to the servicing labor counselor – addresses shown in paragraph 1 above] at the same time it is filed with the Commission.  In or attached to the appeal to the Commission, the appellant must certify the date and method by which service was made on the opposing party [Director, Equal Employment Opportunity Compliance and Complaints Review Agency].

(c)  If an appellant does not file an appeal within the time limits of this subpart, the appeal shall be dismissed by the Commission as untimely.

5

(d)  Any statement or brief on behalf of a complainant in support of the appeal must be submitted to the Office of Federal Operations within 30 days of filing the notice of appeal.  Any statement or brief on behalf of the agency in support of its appeal must be submitted to the Office of Federal Operations within 20 days of filing the notice of appeal.  The Office of Federal Operations will accept statements or briefs in support of an appeal by facsimile transmittal, provided they are no more than 10 pages long.

(e)  The agency must submit the complaint file to the Office of Federal Operations within 30 days of initial notification that the complainant has filed an appeal or within 30 days of submission of an appeal by the agency.

(f)  Any statement or brief in opposition to an appeal must be submitted to the Commission and served on the opposing party within 30 days of receipt of the statement or brief supporting the appeal, or, if no statement or brief supporting the appeal is filed, within 60 days of receipt of the appeal.  The Office of Federal Operations will accept statements or briefs in opposition to an appeal by facsimile provided they are no more than 10 pages long.

### Section 1614.407  Civil action: Title VII, Age Discrimination in Employment Act and Rehabilitation Act.

A complainant who has filed an individual complaint, an agent who has filed a class complaint or a claimant who has filed a claim for individual relief pursuant to a class complaint is authorized under Title VII, the ADEA [Age Discrimination in Employment Act] and the Rehabilitation Act to file a civil action in an appropriate United States District Court:

(a)  Within 90 calendar days of receipt of the final action on an individual or class complaint if no appeal has been filed;

(b)  After 180 days from the date of filing an individual or class complaint if an appeal has not been filed and final action has not been taken;

(c)  Within 90 days of receipt of the Commission's final decision on an appeal; or

(d)  After 180 days from the date of filing an appeal with the Commission if there has been no final decision by the Commission.

6

## Section 1614.408  Civil action: Equal Pay Act.

A complainant is authorized under section 16(b) of the Fair Labor Standards Act (29 U.S.C. 216[b]) to file a civil action in a court of competent jurisdiction within two years or, if the violation is willful, three years of the date of the alleged violation of the Equal Pay Act regardless of whether he or she pursued any administrative complaint processing.  Recovery of back wages is limited to two years prior to the date of filing suit, or to three years if the violation is deemed willful; liquidated damages in an equal amount may also be awarded.  The filing of a complaint or appeal under this part shall not toll the time for filing a civil action.

## Section 1614.409  Effect of filing a civil action.

Filing a civil action under § 1614.408 or § 1614.409 shall terminate Commission processing of the appeal.  If private suit is filed subsequent to the filing of an appeal, the parties are requested to notify the Commission in writing.

3.  If a civil action is filed and complainant does not have or is unable to obtain the services of a lawyer, the complainant may request the court to appoint a lawyer.  In such circumstances as the court may deem just, the court may appoint a lawyer to represent the complainant and may authorize the commencement of the action without the payment of fees, costs, or security.  Any such request <u>must</u> be made within the above referenced <u>90-day</u> time limit for filing suit and in such form and manner as the court may require.

4.  You are further notified that if you file a civil action, you must name the appropriate Department or Agency head as the defendant and provide his or her official title.  **DO NOT NAME JUST THE AGENCY OR DEPARTMENT**.  Failure to name the head of the Department or Agency or to state her or his official title may result in the dismissal of the case.  The appropriate agency is the Department of the Army.  The head of the Department of the Army is Thomas E. White, who is the Secretary of the Army.

7

## DOCKET NUMBER

The docket number identified in the upper right-hand corner of page 1 of this letter should be used on all correspondence.

Sincerely,

Stanley L. Kelley, Jr.
Director, Equal Employment Opportunity
Compliance and Complaints Review Agency

Enclosure

Copies Furnished:

Commander
U.S. Army Aviation Center and Fort Rucker
Equal Employment Opportunity Office
ATTN: ATZQ-EEO
Building 5700, Novosel Street, Room 260
Fort Rucker, Alabama  36362-5024

Commander
U.S. Army Aviation Center and Fort Rucker
Office of the Staff Judge Advocate
ATTN: ATZQ-SJA- AL
Building 5700, Novosel Street
Fort Rucker, Alabama  36362-5000

DEPARTMENT OF THE ARMY
EQUAL EMPLOYMENT OPPORTUNITY COMPLIANCE
AND COMPLAINTS REVIEW AGENCY

| | | |
|---|---|---|
| Ms. Ruthie L. Windsor | ) | |
| | ) | |
| Complainant | ) | |
| | ) | DA Docket Number: BQEGFO0103B0070 |
| | ) | |
| v. | ) | |
| | ) | |
| Thomas E. White, Secretary of the Army | ) | |
| | ) | |
| Agency | ) | |

CERTIFICATE OF SERVICE

I hereby certify that on the date shown below, I transmitted the Army's final decision in the aforementioned complaint to the following party:

**Certified Mail - Return Receipt Requested**

Ms. Ruthie L. Windsor
5 Winning Colors Road
Stafford, Virginia  22554

Date: 16 NOV 01

EEO Assistant