# EXHIBIT 9

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Office of Federal Operations
P.O. Box 19848
Washington, D.C. 20036

Ruthie L. Windsor,
Complainant,

v.

Thomas E. White,
Secretary,
Department of the Army,
Agency.

Appeal No. 01A21090
Agency No. BQEGFO0103B0070



RECEIVED
MAY 0 6 2002

## DECISION

Complainant appeals from the agency's decision dated November 15, 2001, which concluded that the agency had not breached the settlement agreement between the parties. On April 12, 2001, the parties resolved complainant's complaints by entering into a settlement agreement, which provided, in pertinent part, that complainant would receive the following:

3(a)    The Complainant will be afforded the opportunity to provide her input as to an accurate job description she believes she was performing from October 27, 2000 to date. The Complainant will provide her input to [Mr. X] as soon as possible but no later than May 14, 2001.

No later than 14 work days following his receipt of the Complaint's input, [Mr. X] will prepare a finalized job description depicting the duties he believes the Complainant is performing and/or that he needs the Complainant to perform. [Mr. X] will discuss the finalized job description with the Complainant and provide her a copy, if desired. The finalized job description will be forwarded thru the Civilian Personnel Advisory Center (CPAC) with the appropriate documentation to request the duties be classified by a Classification Specialist from the Civilian Personnel Operations Center (CPOC), Fort Benning, Ga. The USAATTC Commander who is the delegated classification authority (DCA) for the organization will provide a letter to the CPOC granting them official classification authority for this position only and CPOC's classification determination will, therefore, be final. Both management and the Complainant agree to accept without challenge the CPOC Classification.

DEFENDANT'S
EXHIBIT NO. 9

CASE NO.
1:05-CV-1196-B

2                                        01A21090

If the classification is at a higher grade or at the same title, series, and grade,
management ([Mr. Y] or someone at his direction) will initiate the appropriate
paperwork to request the Complainant be assigned the new Job Description and/or
that the position be filled at the higher grade but with a different title and series,
the Complainant will remain assigned on her current Position Description.

It is understood and agreed that, ultimately, it is a management prerogative to
determine the duties to be assigned to employees. It is also understood and agreed
that the rules and regulations governing the filling of positions might require that
the Complainant's position, if upgraded, be filled through competitive procedures.

3(b)    As long as the Complainant and [Mr. Z] both remain assigned under the
        supervision of [Mr. Y], [Mr. Y] will insure that [Mr. Z] will not be in the
        Complainant's performance rating chain.

By letter to the agency dated October 10, 2001, complainant alleged that the agency was in breach
of the settlement agreement. Specifically, complainant alleged that Mr. Z continued in her
supervisory chain and changed her duty appointment orders from primary to 3rd alternate.
Complainant argues that the agency breached the settlement agreement when Mr. X reassigned
her with an effective date of April 24, 2001 instead of April 12, 2001. Further, complainant
argues that she was not reassigned when her April 24, 2001 reassignment ended on August 24,
2001. Finally, complainant argues that the agency breached the settlement agreement when Mr.
X received tainted job description inputs from Mr. Z.

On appeal, complainant elaborates on her allegations and argues that the finalized job description
was not the same job description that she had discussed with Mr. X. Complainant also argues
that, although the settlement agreement does not specifically require her to be reassigned, the
agency's failure to reassign her left her in the same performance rating chain with Mr. Z.

EEOC Regulation 29 C.F.R. § 1614.504(a) provides that any settlement agreement knowingly and
voluntarily agreed to by the parties, reached at any stage of the complaint process, shall be
binding on both parties. The Commission has held that a settlement agreement constitutes a
contract between the employee and the agency, to which ordinary rules of contract construction
apply. *See Herrington v. Department of Defense*, EEOC Request No. 05960032 (December 9,
1996). The Commission has further held that it is the intent of the parties as expressed in the
contract, not some unexpressed intention, that controls the contract's construction. *Eggleston v.
Department of Veterans Affairs*, EEOC Request No. 05900795 (August 23, 1990). In ascertaining
the intent of the parties with regard to the terms of a settlement agreement, the Commission has
generally relied on the plain meaning rule. *See Hyon v. United States Postal Service*, EEOC
Request No. 05910787 (December 2, 1991). This rule states that if the writing appears to be plain
and unambiguous on its face, its meaning must be determined from the four corners of the

01A21090

without resort to extrinsic evidence of any nature. *See Montgomery Elevator Co, v. Building Eng'g Servs. Co.*, 730 F.2d 377 (5th Cir. 1984).

Regarding complainant's allegation that the agency breached paragraph 3(a) of the settlement agreement, we find the agency in breach. The agreement allows complainant to provide input as to the job description she believes she was performing. Mr. X was then required to prepare a finalized job description depicting the duties he believed complainant was performing, and discuss the finalized job description with complainant before sending it to CPAC. The record indicates that complainant submitted her input, Mr. X wrote the job description, and, by letter dated May 22, 2001, complainant agreed with the position description and requested that the position description be sent to the CPAC. When Mr. X attempted to submit the position description, he was informed (by Person A), on May 29, 2001, that the position description could not be submitted without 9 factors. Mr. X submitted a new position description, with 9 factors, without first discussing the changes with complainant. Therefore, we find that the agency breached provision 3(a) of the settlement agreement when the final position description was submitted without a discussion with complainant.

Complainant also argues that provision 3(a) was breached when Mr. X received tainted job description input from Mr. Z. However, the settlement agreement does not prohibit Mr. X from receiving job description input from others, whether tainted or not.

Regarding provision 3(b) of the settlement agreement, we find complainant has not shown breach. Complainant argues that since neither she nor Mr. Z were transferred, she assumes that he is still in her performance rating chain. A memorandum dated March 14, 2001, signed by complainant and Mr. Y states that complainant will be detailed to the Resources and Personnel Directorate under the direct supervision of Mr. X. Further, the memorandum indicates that, with the new detail, complainant will have no contact with Mr. Z. Complainant argues that Mr. Z is still in her performance chain because he changed her duty appointment orders from primary to 3rd alternate. However, the April 24, 2001 memorandum which changes her duty appointment is signed by Mr. X. There is no indication that Mr. Z was involved with her change of duty appointment. Complainant has failed to show that Mr. Z is still in complainant's performance rating chain. Moreover, complainant does not argue that her performance has been rated by anyone, much less Mr. Z, during the time in question.

Complainant appears to be arguing that the settlement agreement was breached when she was not reassigned timely, and when she was not reassigned for a second time after her first reassignment ended. However, the settlement agreement does not provide for any such action. Therefore, the agency is not in breach with regard to complainant's reassignment.

The agency's decision finding no breach of provision 3(b) of the settlement agreement is AFFIRMED. The agency's decision finding no breach of provision 3(a) of the settlement agreement is REVERSED and we REMAND the matter to the agency for further processing in accordance with this decision and applicable regulations.

4

01A21090

## ORDER

The agency is ORDERED to specifically enforce provision 3(a) of the settlement agreement. Within 30 days of the date this decision becomes final, Mr. X shall discuss the finalized job description with Complainant and provide her a copy, if desired. The agency shall provide documentation (e.g., a statement signed by complainant and/or Mr. X confirming the discussion) of the specific enforcement of the subject agreement to the Compliance Officer as referenced herein.

## IMPLEMENTATION OF THE COMMISSION'S DECISION (K0501)

Compliance with the Commission's corrective action is mandatory. The agency shall submit its compliance report within thirty (30) calendar days of the completion of all ordered corrective action. The report shall be submitted to the Compliance Officer, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 19848, Washington, D.C. 20036. The agency's report must contain supporting documentation, and the agency must send a copy of all submissions to the complainant. If the agency does not comply with the Commission's order, the complainant may petition the Commission for enforcement of the order. 29 C.F.R. § 1614.503(a). The complainant also has the right to file a civil action to enforce compliance with the Commission's order prior to or following an administrative petition for enforcement. *See* 29 C.F.R. §§ 1614.407, 1614.408, and 29 C.F.R. § 1614.503(g). Alternatively, the complainant has the right to file a civil action on the underlying complaint in accordance with the paragraph below entitled "Right to File A Civil Action." 29 C.F.R. §§ 1614.407 and 1614.408. A civil action for enforcement or a civil action on the underlying complaint is subject to the deadline stated in 42 U.S.C. 2000e-16(c) (1994 & Supp. IV 1999). If the complainant files a civil action, the administrative processing of the complaint, including any petition for enforcement, will be terminated. *See* 29 C.F.R. § 1614.409.

## STATEMENT OF RIGHTS - ON APPEAL

## RECONSIDERATION (M0701)

The Commission may, in its discretion, reconsider the decision in this case if the complainant or the agency submits a written request containing arguments or evidence which tend to establish that:

1.  The appellate decision involved a clearly erroneous interpretation of material fact or law; or

2.  The appellate decision will have a substantial impact on the policies, practices, or operations of the agency.

5                                                      01A21090

Requests to reconsider, with supporting statement or brief, must be filed with the Office of
Federal Operations (OFO) within thirty (30) calendar days of receipt of this decision or within
twenty (20) calendar days of receipt of another party's timely request for reconsideration. See
29 C.F.R. § 1614.405; Equal Employment Opportunity Management Directive for 29 C.F.R. Part
1614 (EEO MD-110), 9-18 (November 9, 1999). All requests and arguments must be submitted
to the Director, Office of Federal Operations, Equal Employment Opportunity Commission, P.O.
Box 19848, Washington, D.C. 20036. In the absence of a legible postmark, the request to
reconsider shall be deemed timely filed if it is received by mail within five days of the expiration
of the applicable filing period. See 29 C.F.R. § 1614.604. The request or opposition must also
include proof of service on the other party.

Failure to file within the time period will result in dismissal of your request for reconsideration
as untimely, unless extenuating circumstances prevented the timely filing of the request. Any
supporting documentation must be submitted with your request for reconsideration. The
Commission will consider requests for reconsideration filed after the deadline only in very limited
circumstances. See 29 C.F.R. § 1614.604(c).

## COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (T0900)

This decision affirms the agency's final decision/action in part, but it also requires the agency to
continue its administrative processing of a portion of your complaint. You have the right to file
a civil action in an appropriate United States District Court within ninety (90) calendar days
from the date that you receive this decision on both that portion of your complaint which the
Commission has affirmed and that portion of the complaint which has been remanded for
continued administrative processing. In the alternative, you may file a civil action after one
hundred and eighty (180) calendar days of the date you filed your complaint with the agency,
or your appeal with the Commission, until such time as the agency issues its final decision on your
complaint. If you file a civil action, you must name as the defendant in the complaint the person
who is the official agency head or department head, identifying that person by his or her full name
and official title. Failure to do so may result in the dismissal of your case in court. "Agency"
or "department" means the national organization, and not the local office, facility or department
in which you work. If you file a request to reconsider and also file a civil action, filing a civil
action will terminate the administrative processing of your complaint.

## RIGHT TO REQUEST COUNSEL (Z1199)

If you decide to file a civil action, and if you do not have or cannot afford the services of an
attorney, you may request that the Court appoint an attorney to represent you and that the Court
permit you to file the action without payment of fees, costs, or other security. See Title VII of
the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.; the Rehabilitation Act of
1973, as amended, 29 U.S.C. §§ 791, 794(c). The grant or denial of the request is within the

6                                                    01A21090

sole discretion of the Court. Filing a request for an attorney does not extend your time in which to file a civil action. Both the request and the civil action must be filed within the time limits as stated in the paragraph above ("Right to File A Civil Action").

FOR THE COMMISSION:

Carlton M. Hadden, Director
Office of Federal Operations

APR 3 0 2002
Date

### CERTIFICATE OF MAILING

For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed. I certify that this decision was mailed to complainant, complainant's representative (if applicable), and the agency on:

APR 3 0 2002
Date

Equal Opportunity Assistant