# EXHIBIT 17

# AFFIDAVIT

I, Trish Huck make the following statement under oath or affirmation. Pursuant to Public Law 93-579 (Privacy Act of 1974), as an individual supplying information for inclusion in a system of records, I have been informed of the following:

EFFECT OF NONDISCLOSURE: Disclosure of information by me is voluntary; however, my failure to respond will result in a recommended disposition of the case on the basis of information available. Witnesses who are Department of Defense employees may be subject to administrative action for failure to testify.

AUTHORITY: The authority to collect the information requested by this interview is derived from one or more of the following: Title 5, code of Federal Regulations, Sections 5.2 and 5.3; title 5, United States Code, Sections 1302, 1303, 1304, 3301, and 3302; Executive Order 11478, as amended; Executive Order 10577; and 29 CFR 1614.

PURPOSE AND USES: The information supplied will be used as a part of the record in an equal employment opportunity discrimination complaint or a grievance investigation. The record will be furnished to designees of agencies and departments of the Federal Government in order to resolve the complaint or grievance. The record may also be disclosed to any agency of the Federal Government having oversight or review authority with regard to Office of Personnel Management or Department of Defense activities, to the Federal Intelligence agencies, or to others as published in the Federal Register.

Complainant alleges discrimination on the basis of **race (black) and reprisal (prior EEO activity) when on August 20, 2002 Ms. Ruthie Windsor was informed by her supervisor LTC Keith Darrow, Director, Test Support Directorate, U.S. Army Aviation Technical Test Center and COL David Cripps, Commander, U.S. Army Technical Test Center that the duties she was performing did not warrant a promotion.**

1. What is your full name? **PATRICIA A. HUCK**

2. What is your race? **Caucasian**

3. What is your position title, pay plan, series, and grade at the time of this complaint?

**Human Resources Specialist, (Classification), GS-201-12**

4. How long had you held that position? **I've held my current position for 7 years, although I have been a classification specialist for 24 years.**

Page 1 of 5
Affiant's Initials PAH

DEFENDANT'S
EXHIBIT NO. 17

CASE NO.
1:05-CV-1196-B

57

5. What was your employing organization and location at the time of this complaint?

**US ARMY CIVILIAN HUMAN RESOURCES AGENCY**
**SOUTH CENTRAL CIVILIAN PERSONNEL OPERATIONS CENTER**
**REDSTONE ARSENAL, AL 35898**

6. How long had you worked there? **7 years**

7. What is your organizational relationship to Complainant? **None.**

8. Were you aware of Complainant's prior EEO activity? **No.**

9. Were you involved her previous EEO activity? **No.**

10. Please describe the human resources organizational relationship to the organization the Complainant is assigned to? **The CPOC Branch to which I am assigned provides position classification and staffing/recruitment services to the U.S. Army Aviation Center and Ft. Rucker, and its tenant commands (including the Aviation Technical Test Center).**

11. What is the process when personnel actions are requested for classification review? **An authorized management official submits a request (Request for Personnel Action, or RPA) electronically to a CPOC in-box; the action is assigned to a specialist. The specialist reviews the request (which may include a proposed classification) and any attachments (such as a new or revised position description, or PD), along with current or previous PDs where appropriate, and organizational data available in the FASCLASS system. The specialist evaluates the draft PD by applicable classification standards and other guidance; and recommends a classification (pay plan, occupational series, title and grade). If the specialist concurs with management's proposed classification, the position action is processed and forwarded to staffing specialists within the Branch for processing of the personnel action. If the classification specialist does not concur with management's proposed classification,**



07/07/04  WED 13:28 FAX 25631 386    SO CENTRAL CPOC    ☒004

he/she forwards an advisory opinion (typically by e-mail) to the official (which may be sent through the Ft. Rucker Civilian Personnel Advisory Center (CPAC). If the official agrees with the CPOC specialist, the action is processed accordingly. If the official disagrees and has been delegated classification authority, he/she may override the CPOC classifier's recommendation and classify the position differently, then submit an evaluation to the CPOC, where the action is processed.

12. Who reviews the classification request in personnel? **The assigned CPOC classification specialist.**

13. Did you review the classification review/request for Complainant's position? **Yes.**

14. If no, who did? Are they in your office? Where is that person located? **N/A**

15. Did any management official review or edit Complainant's position description before it went to human resources? **Although I do not recall specifically, I believe the draft PD contained changes from the employee's previous PD; otherwise I would not have received an RPA for review. As for changes to a draft PD before I received it, I would have no way of knowing that.**

16. Did any management official review or edit Complainant after it was evaluated? **I don't recall reviewing more than one draft PD for the employee.**

17. If you did review it, was there an evaluation done? **The official position record is contained in Army's FASCLASS automated tool, which would include any evaluations of the PD. Complainant's current PD (#EG127165) appropriately shows point levels for individual "factors", which convert to a grade. The PD does not require a narrative evaluation.**

18. What advice or guidance did you provide to management concerning Complainant's request for a promotion? **I do not recall whether a promotion (upgrade) was requested by management. I**

believe this office furnished the complainant any available information previously (e.g., e-mails to management or the CPAC); I no longer have that information. It was forwarded to the employee by Ms. Kathy Cassell (Kathy.Cassell@us.army.mil). She might have hard copies of e-mails.

19. Was there a desk audit performed on Complainant's position?  **Not to my knowledge (not by me).**

20. Who specifically in human resources looked at, reviewed, or commented on Complainant's position review during anytime in the position review process?  What are there names, titles, organizational location, and race?  **Only me, that I am aware of.**

21. If no, why wasn't a desk audit performed?  **Under our Regional HR operating mode, on-site desk audits are not the norm when performing position reviews.  The management official who "authorizes" and submits the action is certifying (by RPA signature) to the accuracy of the PD; any additional information needed is typically obtained by phone.  In this case, I do not recall any contacts at Ft. Rucker regarding the position.**

22. Did human resources advise Complainant that she could file a classification appeal?  **I typically have no contact with an employee whose position is under review.  The Ft. Rucker CPAC is available to employees who desire information on a variety of HR subjects, including classification appeals.**

23. If no, why not?  (See #22.)

24. If she was advised, why didn't she file a classification appeal?  **I do not know.  It is an employee's prerogative.**

25. Do you have any further testimony on the accepted claims?  **No.**

THANK YOU



## END OF STATEMENT

I have read the above statement, consisting of __4__ pages, and it is true and complete to the best of my knowledge and belief. I understand that the information I have given is not to be considered confidential and that it may be shown to the interested parties.

*Trish Huck (Patricia A. Huck)*

Trish Huck (Patricia A. Huck)
Affiant's Signature

On this __6th__ day of __July__ 2004

Human Resources Specialist (Classification)
Affiant's Title

61